**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| Matthew Anderson,<br><br>Plaintiff,<br><br>v.<br><br>East West Marble Company LLC,<br><br>Defendant. | ) | Case No:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Matthew Anderson ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant East West Marble Company LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Plaintiff is a photographer creating polished imagery for residential, commercial, and hospitality spaces for advertising, marketing, corporate communications, public-relations initiatives, editorial publications, and related commercial purposes.

3. Plaintiff has developed a reputation working with architects, interior designers, builders, and other creative individuals and companies who are passionate about the spaces they are creating and want photography that depicts the spaces they created. Plaintiff photographs residential, commercial, and hospitality projects with a focus on strong composition, clean light, and their impeccable details. Through substantial investment of time, skill, creativity, training, equipment, and expense, Plaintiff has built a valuable portfolio of original photographic works that are routinely licensed for authorized commercial, promotional, editorial, and advertising uses.

4. Plaintiff derives income from the licensing and authorized use of his copyrighted photographic works and maintains exclusive rights under the Copyright Act to reproduce, distribute, publicly display, and otherwise exploit those works. Plaintiff actively licenses his photographs to third parties and relies upon licensing revenue as an important component of his photography business.

5. Plaintiff created a photograph of a titanium brushed granite kitchen island with black leather cushioned bar stools (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

6. Defendant is a direct importer and distributor of natural stones and quartz sourced from quarries in Brazil, India, Italy, Spain, South Africa, and China, featuring everything from basic building materials to high-end exotics. Defendant service the Mid-Atlantic region and stock over 30,000 slabs and supply granite, marble, quartzite, soapstone, and porcelain to fabricators, designers, architects, and homeowners.

7. Upon information and belief, Defendant uses professional photography, architectural photography, design photography, project imagery, and other visual content to market and promote its products, completed projects, design capabilities, stone inventory, and commercial services.

8. Upon information and belief, Defendant derives commercial benefit from displaying photographs of completed installations, residential projects, hospitality projects, kitchens, bathrooms, and other architectural spaces in connection with the promotion of its business.

9. Upon information and belief, Defendant uses social-media platforms to market and promote its business, projects, services, employees, and corporate brand. Specifically, Defendant owns, operates, controls, maintains, and/or is responsible for content published through the Instagram account known as east.westmarble (the "*Account*").

10. Upon information and belief, the Account is used by Defendant in connection with its commercial operations and serves as official channels through which Defendant

communicates with customers, prospective customers, employees, industry participants, and the general public. Defendant publishes and disseminates content relating to its construction projects, corporate activities, and promotional initiatives through the Account.

11. Upon information and belief, all content appearing on the Account, including photographs and other visual materials displayed thereon, is posted, published, authorized, approved, controlled, and/or distributed by Defendant or by persons acting on Defendant's behalf and within the scope of their authority.

12. Upon information and belief, Defendant owns, operates, manages, maintains, and controls the Account and exercises editorial, managerial, operational, and financial control over the content appearing thereon.

13. Upon information and belief, the Account serves as a commercial marketing platform through which Defendant promotes its products, services, projects, inventory, brand identity, and related commercial activities.

14. At all relevant times, content published, reproduced, distributed, displayed, and otherwise made available through the Account was subject to Defendant's direction and control, including the infringing content alleged herein.

15. Defendant, without permission or authorization, reproduced and publicly displayed the Photograph on the Account in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

16. Plaintiff is a citizen of the State of Kansas who maintains a principal place of business in Wyandotte County, Kansas.

17. Defendant is a Virginia limited liability company with a principal place of business at 3920 Stonecroft Boulevard, Suite I, Chantilly in Fairfax County, Virginia.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

19. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Virginia.

20. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) because Defendant does business in this Judicial District, and/or a substantial part of the events and omissions giving rise to the claims occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

### A. Plaintiff's Copyright Ownership

21. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

22. Plaintiff has invested substantial time, skill, effort, and expense to developing his photography business and creating a portfolio of original photographs.

23. Plaintiff's photographs are valuable intellectual property assets that are commercially licensed to publishers, media outlets, websites, businesses, and other third parties for authorized use in both digital and print media.

24. Plaintiff is the author and copyright owner of numerous original photographic works protected under the Copyright Act, including the photographs that are the subject of this action.

25. Plaintiff maintains exclusive rights under the Copyright Act, including the rights to reproduce, distribute, license, publicly display, and otherwise exploit his copyrighted photographs.

26. Plaintiff derives income from the licensing and authorized use of his copyrighted works and maintains exclusive rights in the works he creates pursuant to the Copyright Act.

27. Plaintiff relies upon licensing revenue derived from the authorized use of his photographs and actively protects his copyrighted works against unauthorized reproduction, distribution, and display. Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of his copyrighted works, and interferes with the market

for authorized licenses.

28. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

29. Plaintiff regularly licenses his photographs to media outlets, brands, and commercial entities for a fee.

30. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

31. On December 19, 2018, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

32. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

33. On February 3, 2020, the Photograph was registered by the USCO under Registration No. VA 2-197-060.

34. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B. Defendant's Infringing Activity**

35. Defendant is the registered owner of the Account.

36. Defendant is the operator of the Account.

37. Defendant is responsible for the Account's content.

38. The Account is a part of and used to advance Defendant's commercial enterprise.

39. Upon information and belief, the Account forms part of Defendant's commercial enterprise and is used to attract potential customers, promote Defendant's services, increase public visibility, generate business opportunities, and enhance Defendant's brand recognition.

40. Upon information and belief, Defendant knew or should have known that the Photograph was protected by copyright, including because the Photograph was of professional

quality and distributed through commercial channels. Despite this, Defendant used the Photograph without seeking permission or obtaining a license.

41. Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with industry practices requiring that photographs used in commercial content, advertising, marketing materials, publications, and social-media posts be properly licensed.

42. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

43. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

44. Upon information and belief, Defendant knew or should have known that the Photograph was protected by copyright, including because the Photograph was of professional quality and distributed through commercial channels. Despite this, Defendant used the Photograph without seeking permission or obtaining a license.

45. Upon information and belief, Defendant is an experienced digital publisher that regularly licenses and uses professional photography in connection with its commercial content.

46.

47. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

48. On or about August 11, 2023, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on the Account as part of an on-line post at URL www.instagram.com/p/Cvzo9rGtx9W?img_index=1 (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

49. The Infringement is a copy or substantially similar copy of Plaintiff's Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

50. Plaintiff first observed the Infringement on September 14, 2023.

51. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

52. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

53. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Account, including Plaintiff's Photograph.

54. Defendant exercised control over the content published on its Account and was responsible for selecting, uploading, and displaying the Photograph. Defendant used the Photograph in furtherance of its commercial interests and derived financial benefit from increased user engagement, brand promotion, and/or sales.

55. Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Account by, inter alia, utilizing employees, agents, contractors, administrators, editors, moderators, social media managers, and other representatives acting on its behalf (collectively, the "*Representatives*").

56. Upon information and belief, Defendant vested its Representatives with actual and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor, and otherwise manage content appearing on the Account on Defendant's behalf.

57. Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship, and/or other authorized relationship

with Defendant when creating, selecting, uploading, publishing, displaying, promoting, and/or distributing the content containing Plaintiff's Photograph.

58. Upon information and belief, Defendant authorized, directed, ratified, approved, and/or knowingly permitted the actions of its Representatives with respect to content appearing on the Account, including the content containing Plaintiff's Photograph.

59. Upon information and belief, the Representatives actively reviewed, monitored, edited, managed, moderated, and otherwise exercised control over content appearing on the Account. As a result, Defendant had actual and/or constructive knowledge of the content published thereon, including the Infringement.

60. Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Account and exercised such control through its Representatives acting within the course and scope of their authority.

61. Upon information and belief, the Photograph was intentionally and willfully selected, published, displayed, and distributed by Defendant.

62. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

63. Upon information and belief, Defendant failed to implement and/or adequately enforce procedures designed to verify copyright ownership before publishing third-party photographs through the Account.

64. Upon information and belief, Defendant is a sophisticated commercial enterprise that regularly utilizes professional photography and visual content in connection with the promotion of its products and services.

65. Upon information and belief, Defendant engaged in the Infringement knowingly

and in violation of applicable United States copyright laws.

66. Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Account.

67. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

68. Upon information and belief, Defendant monitors the content on its Account.

69. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

70. Upon information and belief, the Infringement increased engagement with the Account and generated additional audience traffic, brand visibility, customer interest, and commercial value for Defendant.

71. Upon information and belief, Defendant distributed the Infringement to a broad audience through the Account and derived commercial value from the resulting user traffic, engagement, advertising impressions, and/or promotional exposure.

72. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

73. Defendant's use of the Photograph harmed the actual market for the Photograph.

74. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

75. Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license his work to other commercial entities.

76. On or about July 3, 2024, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

77. Thereafter, on or about August 6, 2024, Plaintiff, through counsel, sent a follow-

up communication seeking to resolve the dispute without litigation and affording Defendant an additional opportunity to address Plaintiff's claims.

78. Despite receiving notice of Plaintiff's claims and being afforded multiple opportunities to resolve the matter amicably, Defendant failed and/or refused to adequately address Plaintiff's claims, thereby necessitating the commencement of this action.

79. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST CAUSE OF ACTION
***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

80. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

81. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

82. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

83. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

84. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

85. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

86. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or

authority.

87. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

88. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

89. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
***(Vicarious Copyright Infringement)***

90. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

91. Upon information and belief, at all material times hereto, Defendant possessed and exercised the right and ability to supervise, control, approve, review, modify, remove, and otherwise regulate the conduct of its Representatives with respect to content appearing on the Account.

92. As a direct and proximate result of such conduct, Defendant profited from and materially benefited from the Infringement.

93. Defendant enjoyed a direct financial benefit from the Infringement from *inter alia*, advertising revenue from the increased traffic to its Account and from increase in fees paid by advertisers and sponsors.

94. Upon information and belief, Defendant enjoyed a direct financial benefit from using the appeal or “draw” of Plaintiff's Photograph to increase user traffic to the Account,

thereby increasing advertising revenue.

95. Defendant is liable as a vicarious infringer because it possessed the right and ability to supervise, control, and prevent the Infringement, derived a direct financial benefit from the Infringement, and failed to prevent or stop the Infringement.

96. Upon information and belief, Defendant willfully vicariously infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code.

97. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

98. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyrights pursuant to 17 U.S.C.

## JURY DEMAND

99. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying, reproducing, distributing, publishing, and publicly displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount

to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: July 21, 2026

*/s/ David C. Deal*
Deal Copyright Law, P.L.C.
P.O. Box 625
Charlottesville, VA 22902
(434) 261-2704, Telephone
david@dealcopyrightlaw.com
*Counsel for Plaintiff*